On Rehearing.
LAND, J.
We have reconsidered the evidence in this case, and have reached a different conclusion on the facts.
Cammack’s story would lead tire court to believe that he was busy rolling logs when Miley came up behind him and was struck down by a log while on his way to the pond.
The evidence shows that Miley reached the jamb, hooked his end of the cable to the key log, and was returning by way of the ramp when he was struck by the log.
In going to tire pond Miley walked across the open space between the log cars and the pond, in full view of Cammack, and within 8 or 10 feet of the place where he was standing. Yet Cammack testified that he never saw Miley cross the ramp on his way to the pond.
The truth seems to be that there were two logs on the ramp, and that, just as Miley was about to step on the ramp on his return from the pond, Cammack set in motion the short log, which struck the long log, causing the latter to roll over and strike Miley with great violence.
The fellow servant plea is without merit, as shown by testimony to the effect that the plaintiff’s work was confined to handling logs in the millpond.
No contributory negligence is shown by credible testimony.
The muscles, skin, ligaments, and other soft parts of plaintiff’s leg from the knee down were so mashed and intermixed as to make him a cripple for life.
One surgeon testified:
“In Ms present condition he can walk around a little. As he does, the ball of the big toe touches. I don’t imagine he could put any weight on it to any degree.”
It would have been better for the plaintiff if he had lost his leg at the knee.
In such a case the award of $7,500 as damages is conservative, and will not be disturbed.
Our former decree herein is therefore set aside, and the judgment below is affirmed, with costs.